**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-00600-001-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Ruben Galvan-Salazar, | |
| Defendant. | |

Pending before the Court is Defendant Ruben Galvan-Salazar's motion for compassionate release (Doc. 43), which the government opposes (Doc. 45). For the following reasons, the motion is denied.

## RELEVANT BACKGROUND

In January 2021, Defendant was convicted via guilty plea of the crime of illegal reentry after deportation and sentenced to 46 months' imprisonment. (Doc. 40.) As summarized by the Probation Office, Defendant "has amassed an extensive criminal history that started as a juvenile. His criminal history centers mostly around his substance abuse, an issue he has struggled with for decades. [Defendant] is before the Court for his third felony immigration violation. This is also the second time he has violated his supervised release. It is noted he has a history of violating many forms of community supervision." (Doc. 34 at 24-25.) The previous convictions detailed in the presentence report stretch back to 1983 and include theft, possession of a weapon, false statements, carrying a loaded firearm, possession of a controlled substance (multiple), DUI (multiple),

public intoxication, battery on a peace officer, resisting arrest (multiple), grand theft, and two previous illegal-reentry convictions that resulted in sentences of 18 and 30 months, respectively. (*Id.* at 5-16.) Defendant had 16 criminal history points and fell within Criminal History Category VI. (*Id.* at 16.) According to the Bureau of Prisons' ("BOP") inmate locator website, Defendant's projected release date is June 17, 2023.

On March 7, 2022, Defendant submitted a request for compassionate release to the BOP. (Doc. 43-1 at 2.) It appears Defendant never received a response. (Doc. 43 at 3.)

On June 13, 2022, Defendant filed a *pro se* motion for compassionate release with this Court. (Doc. 43.) The relevant portion of the motion states: "Age 59, Obese, Cholester[o]l, High Blood Pressure, Border Line Diabetic. . . . I am vaccinated with all thre[e] vaccines but still [am] at risk for COVID-19 and could possibly kill me if infected." (*Id.* at 5.) Additionally, Defendant has prepared a re-entry plan, which states that he will reside with his wife in California if released. (*Id.* at 12-18.)

On June 28, 2022, the government filed an opposition. (Doc. 45.)

Defendant did not file a reply.

**DISCUSSION**

Although "[a] federal court generally may not modify a term of imprisonment once it has been imposed," "Congress provided an exception, sometimes known as compassionate release, to reduce a sentence for 'extraordinary and compelling reasons.'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (citations and internal quotation marks omitted). This exception is codified at 18 U.S.C. § 3582(c)(1)(A). *Id.* "For over thirty years, under the original statute, only the BOP Director could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. However, as part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to also allow a defendant to seek a reduction directly from the court, provided that the defendant first seeks a reduction from the BOP and that request has either been denied or 30 days have passed." *Id.*

Under the current version of 18 U.S.C. § 3582(c)(1)(A), the court "may" grant a compassionate release motion and reduce a defendant's term of imprisonment if, "after

considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." However, in *Aruda*, the Ninth Circuit clarified that "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." 993 F.3d at 802. Thus, although "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant . . . they are not binding." *Id.*

Applying these standards, Defendant has not established an entitlement to relief. First, the Court agrees with the government's assertion that because Defendant "does not have any medical conditions identified by the CDC as putting him at higher risk for severe illness or any other medical conditions" and "has received a COVID-19 vaccine and two boosters," there are no extraordinary and compelling reasons warranting his immediate release from prison. (Doc. 45 at 1.) Second, and alternatively, the relevant § 3553 factors preclude any reduction in Defendant's sentence. Defendant has an extensive criminal history that includes multiple weapons and drug offenses, a conviction for the battery of a peace officer, and repeated violations of the illegal-reentry statute. The 46-month sentence in this case was warranted and reducing it in the manner requested by Defendant would result in a sentence that is insufficient to reflect the seriousness of the offense, achieve adequate deterrence, provide just punishment, promote respect for the law, or avoid unwarranted sentencing disparities.

Accordingly, **IT IS ORDERED** that Defendant's motion for compassionate release (Doc. 43) is **denied**.

Dated this 8th day of August, 2022.

Dominic W. Lanza
United States District Judge